```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
CRISTIAN BAQUEDANO,                                                     :
                                                                        :
                              Plaintiff,                                :    14-CV-786 (JMF)
                                                                        :
              -v-                                                       :    MEMORANDUM OPINION
                                                                        :         AND ORDER
UNITED PARCEL SERVICE GENERAL SERVICES                                  :
CO. et al.,                                                             :
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      This case was removed from New York State Court pursuant to Title 28, United States Code, Sections 1332 and 1441. (Docket No 4). On September 17, 2014, the Court held a pretrial status conference, at which Third-Party Plaintiff United Parcel Service, Inc. ("UPS") notified the Court that then-Third Party Defendant Lincoln Square Commercial Holding Co., LLC, ("Lincoln Commercial") was not the proper defendant. The Court granted UPS leave to file amended complaint naming Lincoln Square Condominium ("Lincoln Condominium") in its place. (Docket No. 64). Plaintiff Cristian Baquedano also expressed an interest in filing an amended complaint to name Lincoln Condominium. Because there was reason to believe that Lincoln Condominium was a resident of New York — and therefore that its addition to the case would eliminate the Court's diversity jurisdiction — the Court ordered Baquedano to seek leave prior to filing an amended complaint. (Docket No. 62). Plaintiff now does so.[1]

---

[1] Plaintiff filed his motion as a letter motion. (Docket No. 68). Because the Court's Local Rules do not permit motions to amend by letter motion, the Clerk of Court rejected the motion as deficient. In the interests of efficiency, and because the matter is fully briefed, however, the Court will rule on the merits of the motion. Plaintiff's letter motion is attached to this Memorandum Opinion and Order.

The standards applicable to Plaintiff's motion are well established and undisputed. That is, "the decision to join new parties, even if those parties destroy diversity and require a remand, is within the sound discretion of the trial court." *Moncion v. Infra–Metals Corp.*, No. 01-CV-11389 (RLE), 2002 WL 31834442, at *2 (S.D.N.Y. Dec. 18, 2002); *McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F. Supp. 2d 258, 261 (E.D.N.Y. 2009). In exercising that discretion, "courts typically consider four factors: (1) whether the plaintiff delayed in moving to amend; (2) the resulting prejudice to defendants from joinder; (3) the likelihood of multiple litigations; and (4) plaintiff's motivation in moving to amend. The Court must consider the totality of the circumstances." *Ambac Assurance Corp. v. EMC Mortg. Corp.*, No. 08-CV-9464 (RMB) (THK), 2011 WL 308276, at *4 (S.D.N.Y. Jan. 28, 2011) (internal quotation marks and citation omitted).

Upon consideration of those factors and the parties' submissions (Docket Nos. 68, 71), the Court denies Plaintiff's motion, substantially for the reasons set forth in Defendant's memorandum of law. First and foremost, although Plaintiff may not have known until last month that Lincoln Condominium was the proper party, he has known that he could bring a cause of action against the relevant building's owner since at least May 2014 (when Defendant filed its Third Party Complaint (Docket No. 20)), and likely much longer. Nevertheless, he provides no cause, let alone good cause, for his failure to pursue the matter sooner. (*See* Def.'s Mem. Law Opp'n Pl.'s Mot. Leave To Amend (Docket No. 71) 8-9). Second, insofar as discovery in this case is substantially complete and allowing Plaintiff to amend would require remand to state court, UPS would be prejudiced by granting Plaintiff's motion. (*See id.* at 12). Finally, although denying leave to amend increases the probability of multiple litigations,

2

Plaintiff may well be able to obtain all of the relief he ultimately seeks in this action alone by virtue of UPS's third-party action against Lincoln Condominium. (*See id.* at 10-11).

In light of the foregoing, it is hard to avoid the inference that Plaintiff seeks leave to amend precisely in order to deprive the Court of jurisdiction. But whether or not that is the case, the totality of the circumstances here call for denying Plaintiff's motion. Plaintiff's motion for leave to file an amended complaint is therefore DENIED.

SO ORDERED.

Dated: October 6, 2014
       New York, New York

                                                JESSE M. FURMAN
                                                United States District Judge

# Dansker & Aspromonte Associates

ATTORNEYS AT LAW   30 VESEY ST 16 FL   NEW YORK, NY 10007
212 732-2929 TEL   WWW.DANDALAW.COM   212 732-8795 FAX

Paul Dansker
Salvatore Aspromonte (NY, FL)

Douglas Hoffer (NY, NJ)
Raymond Maceira (NY, NJ)
Jonathan O. Heller
Donna Tucci, Office Manager

Of Counsel
Edward J. Hughes, Jr.
Ryan Muennich
Christopher Bussard
John Patten
Arthur W. Greig
Allen Kramer
George Switnicki
Howard A. Sieven
Glenn A. Yost
Henry Lee Fong
Mitchel Lidowsky
Eric A. DiNapoli
Louis W. Corbo
Jonathan Shramko

September 24, 2014

Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      Re: Cristian Baquedano v. United Parcel Service, Inc.
         Docket No.: 14-CV-786 (JMF)

Dear Justice Furman:

  Please let this serve as a motion on behalf of Plaintiff Cristian Baquedano for leave to file a Second Amended Complaint to add The Lincoln Square Condominium as a Defendant pursuant to Rules 15(a)(2) and 20 of the Federal Rules of Civil Procedure and to remand the case to Supreme Court of the State of New York, New York County pursuant to 28 U.S.C. 1447(e).

  1. This action arises due to an accident that occurred on November 5, 2014 at approximately 1:30 A.M. when a tractor trailer being operated by Defendant ROBERT A. KREITZER, JR. struck the bucket of an extension boom lift containing Plaintiff CRISTIAN BAQUEDANO on Columbus Avenue near its intersection with West 67th Street in the County, City and State of New York. As a result Plaintiff was thrown from the bucket and sustained serious injuries. At the time of the subject occurrence, Defendant KREITZER was in the course of his employment with Defendant UNITED PARCEL SERVICE INC. At the time, Plaintiff was working for Third-Party Defendant CREATIVE CHRISTMAS INC. installing holiday lights on trees located at the curb line of Columbus Avenue adjacent to the premises located at 111 Columbus Avenue, New York, New York. At the time of the accident a portion of the bucket may have extended over a portion of the right most travel lane of Columbus Avenue due to the location where the base of the extension boom lift was parked while work was being performed.

2.      This action was commenced in the Supreme Court of the State of New York, New York County on January 7, 2014.   Defendants filed a Notice of Removal on February 7, 2014 and this matter was removed to this Court based upon diversity of jurisdiction pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. §1332.

3.      The parties appeared for an Initial Pretrial Conference before this Court on May 20, 2014 which resulted in the issuance of a Civil Case Management Plan and Scheduling Order.  During that conference Plaintiff requested and was granted on consent leave to file an Amended Complaint substituting United Parcel Service, Inc. for United Parcel Service General Services Co.  Plaintiff filed the Amended Complaint on or about May 28, 2014.  On May 27, 2014, Defendants filed a Third-Party Complaint naming CREATIVE CHRISTMAS and LINCOLN SQUARE COMMERCIAL HOLDING CO. LLC., as Third-Party Defendants.  Third-Party Defendant LINCOLN SQUARE COMMERCIAL HOLDING CO. LLC appeared in the action but CREATIVE CHRISTMAS failed to appear and a default judgment was filed against them on September 5, 2014.

4.      On September 12, 2014, the depositions of the Principals of CREATIVE CHRISTMAS, Mr. Robert Catalano and Mr. Joseph Capone were conducted.  At that time, Plaintiff was provided with a copy of a contract revealing that Third-Party Defendant CREATIVE CHRISTMAS was performing the installation of holiday lights pursuant to a contract with The Lincoln Square Condominium at the time of the subject accident.  The contract set forth that The Lincoln Square Condominium was responsible for providing a location to park the extension boom lift during installation and removal of the holiday lights.  Furthermore, Mr. Catalano and Mr. Capone testified that The Lincoln Square Condominium was responsible for providing a safe location for its employees to park the boom lift while their employees were working installing holiday light in trees at that site.

5.      It became apparent following the aforesaid depositions that LINCOLN SQUARE COMMERCIAL HOLDING CO. LLC had been improperly named as a Third-Party Defendant since they did not own or manage the subject premises nor did they contract for the installation of the holiday lights or have any involvement with the installation.  Therefore, Defendants stipulated to discontinue the Third-Party action against them by stipulation of discontinuance dated September 16, 2014.

6.      Counsel for the remaining parties appeared before your Honor on September 17, 2014 for a Pretrial Status Conference at which time both Plaintiff and Defendants requested leave to amend their pleadings to add The Lincoln Square Condominium as a Defendant and Third-party Defendant respectively based upon newly discovered information obtained on September 12, 2014. Following that conference, your Honor issued an Order dated September 18, 2014 setting forth that Plaintiff must seek leave of court by motion to file an amended complaint to add the new party. Subsequently your Honor issued an Order dated September 19, 2014 granting Defendants leave to

September 24, 2014
Page 3

amend their pleadings to add The Lincoln Square Condominium as a Third-party Defendant. The Order further provided an extension of time for the completion of fact discovery as to the newly discovered Lincoln Square Condominium and extending the deadline for expert discovery. At the conference it was represented to the Court that the deposition of Bill Murphy from The Lincoln Square Condominium was scheduled to be conducted on September 24, 2014. However, that deposition has been adjourned.

7. On September 22, 2014 Defendants filed an Amended Third-Party Complaint naming The Lincoln Square Condominium as a Third-Party Defendant. The Lincoln Square Condominium was formed pursuant to Article 9-B of the Real Property Law of State of New York and transacts business in the State of New York. Therefore, The Lincoln Square Condominium is a New York entity and its addition as a defendant in this matter would destroy diversity jurisdiction.

8. Fed. R. Civ. Pro. 15(a)(2) provides that leave to amend pleadings should be freely given when justice requires. In deciding whether to allow a plaintiff to amend a complaint to add a non-diverse party that would destroy diversity jurisdiction courts typically consider four factors: (1) whether the plaintiff delayed in moving to amend; (2) the resulting prejudice to defendants from joinder; (3) the likelihood of multiple litigations and (4) plaintiff's motivation in moving to amend. Ambac v. EMC Mortgage Corp., No. CV 08-9464(RMB)(THK), 2011 WL 308276 (S.D.N.Y. Jan. 28, 2011).

9. In the instant case, Plaintiff did not delay in requesting leave from this court to amend his Complaint to add The Lincoln Square Condominium as a defendant. Plaintiff was provided with the contract identifying them as possible defendants on Friday, September 12, 2014. On that same day, the depositions conducted of Mr. Catalano and Mr. Capone from CREATIVE CHRISTMAS revealed that The Lincoln Square Condominium was responsible to providing a safe place for the boom lift to be parked during the installation of the holiday lights by Plaintiff CRISTIAN BAQUEDANO. Plaintiff immediately sought leave from this Court at the Pretrial Status Conference held on Wednesday, September 17, 2014 to amend the Complaint to add The Lincoln Square Condominium as a defendant.

10. Defendants will not be prejudiced in any way by the addition of the new party. Defendants themselves amended their pleadings to add the very same entity as a Third-Party Defendant based upon the information recently obtain in discovery. Furthermore, Defendants will not be prejudiced in any way if this case is remanded to Supreme Court for State of New York as there still remains outstanding discovery and the new Third-Party Defendant has just been served and has yet to appear and will likely request extensive further discovery.

September 24, 2014
Page 4

11.     Should the Court deny Plaintiff's application for leave to amend the complaint, Plaintiff will have to start a new action in State Court in order to proceed against the aforementioned party. Therefore, there is a great likelihood of multiple litigations proceeding simultaneously in different courts arising from the same occurrence. Fed.R.Civ.P. 20 (2)(A) and (B) provides that a party maybe joined in an action as a defendant if the relief asserted against them arises from the same transaction, occurrence or series of transactions and or occurrences and any question of law or fact common to all defendants will arise in the action. The Lincoln Square Condominium would clearly be considered a party that may be added as a defendant pursuant to Fed.R.Civ.P. 20 (2)(A) and (B).

12.     Plaintiff's motivation in moving to amend is solely to add a party that the evidence indicates was negligent in failing to provide a safe parking area for the boom lift causing and creating a dangerous job site for Plaintiff and could thus be liable to for the serious injuries Plaintiff suffered. There can be no claim made that Plaintiff is seeking to add this party for any nefarious reason as Defendants themselves recently obtained leave and filed an Amended Complaint adding them as Third-Party Defendants.

13.     The addition of The Lincoln Square Condominium as a defendant will destroy diversity jurisdiction and require that pursuant to 28 U.S.C. §1447(e) the instant action be remanded to Supreme Court of the State of New York, New York County, the court from which the action was initially removed. Under similar circumstances the courts have routinely granted leave to add non-diverse parties and remanded the cases to the court from which the action was removed. *See* Aarne v. GES Exposition Services Inc., No. CV 06-0042(BMC)(JO), 2007 WL 1135557 (E.D.N.Y April 17, 2007); Sonn v. Wal-Mart Stores, Inc., No. CV 06-1816(FB)(JO), 2006 W.L. 2546545 (E.D.N.Y. Sept. 1, 2006); Moncion v. Infra-Metals Corp., No. CV 01-11389(RLE), 2002 WL 31834442 (S.D.N.Y. Dec. 18, 2002). Therefore, in the interests of justice pursuant to Fed. R. Civ. P. 20(a)(2) this Court should grant Plaintiff's motion granting leave to file and serve a Second Amended Complaint adding The Lincoln Square Condominium as a defendant and remanding this action to the Supreme Court of the State of New York, New York County, the court from which it was removed.

Wherefore, for the reasons set forth above it is requested that the instant application be granted in its entirety and for any further relief which the Court shall deem appropriate.

Respectfully submitted,

Raymond Maceira (RM3941)

RM/nc

cc:	Sean A. Malley, Esq. (via ECF)
	Ansa Assuncao, LLP
	Attorneys for Defendants/
	Third-Party Plaintiffs
	UNITED PARCEL SERVICE, INC
	and ROBERT A. KREITZER
	707 Westchester Avenue, Suite 309
	White Plains, NY 10604
	(914) 298-2260